**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2785-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LATASHA M. BAKER, a/k/a
LATASHA MONIQUE BAKER,

    Defendant-Appellant.

_____

          Submitted April 2, 2025 – Decided June 17, 2025

          Before Judges Marczyk and Paganelli.

          On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 12-08-2188.

          Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

          Grace A. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Latasha M. Baker, appeals from the trial court's order of July 14, 2020, denying her petition for post-conviction relief (PCR) without an evidentiary hearing. Based on our careful review of the record and the application of well-established law, we conclude defendant failed to establish a prima facie claim for ineffective assistance of trial counsel and affirm.

We are familiar with this matter having affirmed defendant's conviction on direct appeal. See State v. Baker, No. A-0393-14 (App. Div. Sept. 24, 2018). A "jury convicted defendant of first-degree felony-murder, N.J.S.A. 2C:11-3(a)(3); second-degree robbery, N.J.S.A. 2C:15; second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2; and fourth-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(4)." Id. at 6. We recite the following from our earlier opinion to provide context for defendant's argument in this appeal.

> On October 14, 2009, Silvia Ramos Morales and her husband Oscar Hernandez were about to close their bakery in Woodlynne for the evening when defendant entered carrying a baby and asked to buy a slice of cake. She left when they did not have what she wanted but returned in a few minutes. Shortly after, three men came in. One had a mask and a gun. He followed Hernandez as he ran into the kitchen, fatally shooting Hernandez in the chest. The other men, who blocked the entrance, told two prospective customers not to enter. Sensing something was wrong, they alerted a police officer. The customers in the store were robbed. They told the police the men were armed. The robbers

attempted but were not able to open the cash register, and left the bakery when the police arrived.

Defendant and her baby were in the bakery throughout this. Just after the incident, defendant told the police that a Hispanic man in a red jacket, who she did not recognize, "snatched" her cell phone. The next day, October 15, 2009, the police traced defendant's cell phone signal to her apartment, which was located on the same block as the bakery. After she consented to a search of the apartment for the phone, the officers found the cell phone under her couch.

The police interviewed defendant that day for three hours at the prosecutor's office and her statement was recorded. Defendant's explanation to the police about how the cell phone was in her apartment varied, but all the explanations indicated the robbers had to know her. She claimed the phone was returned to her by the robbers as a favor because she was a single mother, or to prevent her from calling the police. She speculated that she was being framed and that a neighbor was involved in the robbery. Further, she claimed it could have been her neighbor's sister's boyfriend.

[Id. at 2-3.]

In her verified petition for PCR, defendant alleged she:

[R]eceived ineffective assistance from trial counsel, . . . because counsel failed to investigate personally, or to engage the services of an investigator to interview witnesses and ascertain exactly how the cellular telephone that had been taken from [defendant] during the robbery had ended up in [defendant]'s residence. Several individuals could have been responsible for the cellular telephone's presence in [defendant]'s apartment

3

and this was a critical piece of evidence at trial. Counsel was unable to offer a rational explanation as to how the telephone was found by police in [defendant]'s residence after the robbery.

[R]eceived ineffective assistance from trial counsel, . . . because counsel failed to negotiate a reasonable plea bargain offer for [defendant] and convey that offer to [defendant], to obtain a sentence for lesser than the 45-year term imposed after conviction at trial for the crimes of felony murder and hindering apprehension/prosecution.

In an oral opinion, after hearing the parties' arguments, the trial court reviewed the procedural history and the facts surrounding defendant's crimes. The court applied the Strickland standard to defendant's claims of ineffective assistance of trial counsel.[1] The court rejected defendant's claim that counsel rendered deficient representation by failing to investigate "how her phone, which she claim[ed] was stolen during the robbery, ended up in her home the next day." The court stated the "claim fail[ed] because an investigation to determine how the phone ended up in . . . defendant's residence would have most likely established a greater connection between the robbery [and] defendant." The court recognized trial counsel was confronted with defendants "proposed . . . three alternate stories as to how the phone may have ended up in her home."

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

Further, "[e]ach of those proposed explanations provided circumstantial evidence that the robbers knew . . . defendant in some capacity other than as one of the victims of a robbery." Therefore, "trial counsel was not at fault for not delving further into an area that could not conceivably have been helpful to the defense."

The trial court also rejected defendant's claim that trial counsel provided ineffective assistance of counsel by "fail[ing] to negotiate a reasonable plea . . . offer for [her] and convey that offer to [her] to obtain a sentence for less[] than the 45-year term imposed after conviction at trial." The trial court noted that defendant "ignore[d] . . . that the court[']s records show that when the case was placed on the trial list in 2013, the plea offer from the State was 5 years in prison subject to the No Early Release Act[2] for a plea to a conspiracy to commit robbery." The court found because "defendant did not accept that offer, . . . [she] cannot now claim that her attorney was ineffective for not negotiating a reasonable plea." Further, the trial court noted defendant's petition did not include "any statement that she would have admitted guilt." Therefore, defendant's claim that trial counsel was ineffective, in terms of a plea, failed.

---

[2] N.J.S.A. 2C:43-7.2(c).

On appeal, defendant argues the trial court erred because she met her burdens under Strickland: (1) as to the plea, "counsel failed to disclose a favorable plea offer" and "there is no doubt, let alone a reasonable probability, that a defendant facing a felony-murder would have taken a 5-year offer to conspiracy" and (2) as to the investigation, "counsel failed to conduct a pretrial investigation into how the cell phone taken from her during the robbery ended up in her home" and "this failure prejudiced" her because "the phone's presence in her apartment was a crucial . . . issue for the jury" and trial counsel's attempt to blame another defendant for leaving the phone there was "[in]adequate."

We begin our discussion with a review of the principles governing our analysis. PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). PCR "provide[s] a built-in 'safeguard that ensures that a defendant [i]s not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). "A petitioner must establish the right to [PCR] by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citing State v. Mitchell, 126 N.J. 565, 579 (1992)).

"A petition for [PCR] is cognizable if based upon . . . [a s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the

United States or the Constitution or laws of the State of New Jersey." R. 3:22-2(a). "Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense." State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10). "[I]t is not enough '[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' . . . rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'" Id. at 550 (second alteration in original) (quoting Strickland, 466 U.S. at 685-86).

To establish a prima facie claim for ineffective assistance of counsel, a petitioner must satisfy the two-prong test established in Strickland:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.
>
> [Strickland, 466 U.S. at 687.]

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Moreover, "[p]rejudice is not to be presumed." Gideon, 244 N.J. at 551 (quoting State v. Fritz, 105 N.J. 42, 52 (1987)).

"R[ule] 3:22-1 does not require evidentiary hearings to be held on [PCR] petitions [and] R[ule] 3:22-10 recognizes judicial discretion to conduct such hearings." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Nevertheless, "trial courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has presented a prima facie claim in support of" PCR. Ibid. (quoting Preciose, 129 N.J. at 462). "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 462-63. However, a defendant "must do more than make bald assertions that [s]he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170.

"Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020).

Applying these well-established legal standards and having carefully reviewed the record on appeal, we are not convinced defendant established a prima facie right to an evidentiary hearing or PCR.

As to the plea argument, defendant contends she "met her burden under the first prong [of Strickland] because counsel failed to disclose a favorable plea offer" and "failed to negotiate or convey a plea offer." However, defendant fails to address, as noted by the trial court, the court's record indicating an unaccepted 2013 plea offer from the State. Therefore, defendant has not made a prima facie showing that trial counsel's representation was deficient in terms of a plea. Because defendant cannot establish the first Strickland prong as to her plea argument, her PCR claim fails. See Strickland, 466 U.S. at 687.

We add that defendant cannot establish prejudice because absent from her petition is any contention that she would have taken the five-year plea in 2013. Instead, defendant generically asserts "there is no doubt, let alone, a reasonable probability, that a defendant facing a felony-murder conviction would have taken a 5-year offer to conspiracy."

9

As to defendant's failure to investigate argument, she baldly contends trial counsel's representation was deficient because counsel "failed to conduct a pretrial investigation into how the cell phone taken from her during the robbery ended up in her home." She asserts "counsel never interviewed anyone." Defendant argues "there is no evidence as to what the investigation would have established because counsel failed to investigate. Perhaps it would have exonerated her."

However, when a defendant "claims [her] trial attorney inadequately investigated [her] case, [s]he must assert the facts [regarding what the] investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170. Defendant's open-ended assertion regarding trial counsel's deficient investigation falls well below the standard. Further, given defendant's three statements explaining the presence of the phone, trial counsel's strategy not to engage in further investigation beyond the police investigation, and to blame the phone's presence on another defendant, was sound. Because defendant cannot establish the first Strickland prong, her PCR claim fails. See Strickland, 466 U.S. at 687.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2785-22